UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SIDNEY KEYS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:25-cv-01229-PLC |
| BANK OF AMERICA, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court for review of self-represented litigant Sidney Keys's Complaint and Application for leave to proceed in forma pauperis. In his Application, Keys reports no employment or wages, and no income of any kind in the past 12 months. He reports he owns nothing of value, and he does not report having money in cash or in a checking or savings account. The Court will grant Keys leave to proceed in forma pauperis, and having reviewed his Complaint pursuant to 28 U.S.C. § 1915, will dismiss this case without further proceedings. The Court will also deny as moot Keys's motion to appoint counsel.

**Background**

According to this Court's public records, Keys has filed more than 60 meritless cases pro se and in forma pauperis since 2010, and of those, he filed more than 30 since March of 2024. In this case, he sues Bank of America and can be understood to invoke this Court's federal question jurisdiction. He identifies his claims as "Racial Discrimination" and "Civil Rights Violation." (ECF No. 1 at 3).

In support of his claims, Keys identifies himself as a disabled veteran, and alleges he was denied a "V.A. First Time Home Loan" when he visited a Bank of America branch on August

13, 2025. *Id.* at 5. He alleges that a Bank of America employee told him he did not qualify for the loan because he did not have $12,000 in his retirement account, and because he needed a credit score of 620. He alleges that "today" his credit score is over 620. *Id.* Keys seeks $30,000,000 in damages.

**Legal Standard**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## Discussion

Keys invokes this Court's federal question jurisdiction and identifies his claims as "Racial Discrimination" and "Civil Rights Violation." (ECF No. 1 at 3). Federal law provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts." 42 U.S.C. § 1981(a). To "make and enforce contracts" includes "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). To assert a prima facie section 1981 claim, a plaintiff must allege, among other things: (1) he was a member of a protected class; and (2) defendants acted with discriminatory intent. *Yang v. Robert Half Int'l, Inc.*, 79 F.4th 949, 962 (8th Cir. 2023).

Here, Keys does not identify his race or state he belongs to a protected class, and the Court will not assume facts he has not alleged. *See Stone*, 364 F.3d at 914-15. And Keys's allegations that he was denied a home loan based on his credit score and the amount of money in his retirement account do not permit the inference of discriminatory intent. Finally, while Keys indicates he also brings a claim of "Civil Rights Violation," he does not specifically identify, and the Court cannot discern, any potential basis for recovery. (ECF No. 1 at 3).

Although pro se complaints must be liberally construed, *Erickson*, 551 U.S. at 94, they cannot be conclusory, and they must set forth facts that, taken as true, state a claim as a matter of law. *Johnson v. Stark*, 717 F.2d 1550, 1552 (8th Cir. 1983). And the Court is "free to ignore

3

legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002). In this case, the Complaint contains no facts from which the Court can discern a plausible claim for relief. The Court will therefore dismiss this case pursuant to 28 U.S.C. § 1915(e)(2)(B), and deny as moot Keys's motion to appoint counsel. The Court has considered whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3), and for the same reasons that the Court dismisses the action, discerns no good-faith basis for an appeal.

Accordingly,

**IT IS HEREBY ORDERED** that Sidney Keys's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered with this Memorandum and Order.

**IT IS FURTHER ORDERED** that Sidney Keys's Motion to Appoint Counsel (ECF No. 3) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 19th day of August, 2025.

*/s/ John A. Ross*
JOHN A. ROSS
SENIOR UNITED STATES DISTRICT JUDGE